(No. 6488. January 4, 1938.)

STATE, Respondent, v. MERRILL HORTON ABELL, Appellant.

[75 Pac. (2d) 122.]

Geo. H. van de Steeg, for Appellant.

J. W. Taylor, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

BUDGE, J.—*In limine* we are met with a motion to dismiss the appeal but find the same without merit and it is therefore denied.

The facts in this case, which are practically without conflict, disclose that on the evening of December 6, 1936, appellant drove his automobile into the rear end of an automobile belonging to one Murphey as it stood parked and without driver or occupant near the Majestic Theater in Nampa. The Murphey car was damaged. Appellant was stopped by the collision or impact, shifted his gears into reverse, backed a short distance, again shifted gears, stopped, and then proceeded forward past the Murphey car and away from the scene of the collision. The only material conflict in the evidence is with relation to the length of time appellant stopped, some witnesses testifying that he stopped but momentarily as he struck the car and when changing direction, while appellant testified:

"Well naturally I stopped; then backed up about ten feet and stopped and I saw there was no apparent damage to the car; and I looked for occupants of the car and there were none I could see, and then I started up and left."

and that he saw no one around the car at all, and that he stopped "approximately between a half and one minute, and maybe a little bit more."

Appellant was charged by the amended complaint, criminal, under I. C. A., section 48–528, as follows:

" . . . . that the said Merrill Horton Abell did not immediately stop the automobile he was then and there driving and operating at the scene of said accident, . . . . "

Upon the trial the jury entered the following verdict:

" . . . . do find the defendant guilty of the crime of failing to stop a car which he was driving, after the same became involved in an accident resulting in damage to property, as charged in the complaint."

upon which judgment was entered. This appeal was then taken.

It is urged by appellant, among other things, that the verdict is contrary to both the law and the evidence, briefly, for the reason that the uncontradicted evidence shows that the appellant did stop immediately at the scene of the accident, in full compliance with the provisions of subdivision (b) of I. C. A., section 48–528.

There is merit in appellant's contention that the verdict is contrary to the uncontradicted evidence and the law as announced by the court in the instructions. I. C. A., section 48–528, provides, with relation to the driver of any vehicle involved in a collision or accident resulting in damage to property alone, as follows:

"b. The driver of any vehicle involved in any collision or in an accident resulting in damage to property shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 48–557.

"c. The driver of any vehicle involved in any accident resulting in . . . . damage to property shall also give his name, address and the registration number of his vehicle and exhibit his operator's or chauffeur's license, if such license is required by law, to the . . . . driver or occupants of any vehicle collided with. . . . . "

The court's instruction number 1, is in the following language:

"The Court instructs you, gentlemen of the jury, that the language of the statute requiring a person under the circum-

stances mentioned in the statute to stop his vehicle, requires that the defendant consciously and intentionally bring his car to a stop. The law does not say anything about how long his car must remain at rest; but, construing the whole statute together, the Court would instruct you that a reasonable construction of the statute requires *that the driver of the car must remain at rest long enough to assure himself that the other car has no occupant or driver to whom he should disclose his own identity and license number etc. as required by statute.''* (Italics inserted.)

The fact that appellant did stop his car immediately at the scene of the collision or accident is conclusively shown by the evidence. All witnesses concede that he stopped upon colliding with the Murphey car and again stopped after backing away and when changing direction of travel. There is no evidence in the record that appellant did not stop his car consciously and intentionally. The court instructed the jury that ''The law does not say anything about how long his car must remain at rest . . . . ;'' The court then instructed the jury that a reasonable construction of the statute required that the driver of the car (appellant) must remain at rest *long enough to assure himself* (appellant) that the other car has no occupant or driver to whom he should disclose his identity, etc. The evidence is uncontradicted that there was no driver or occupant in or near the car to whom appellant should disclose his identity, etc. The record discloses that Murphey, the owner and driver of the automobile struck was within the Majestic Theater on duty as a projectionist. The question that the court's instruction left for the jury to determine was: Did appellant remain at rest long enough to assure himself that the other car had no occupant or driver to whom he should disclose his own identity and license number, etc., as required by statute. Upon this point appellant's evidence that he did stop and did assure himself that the other car had no occupant or driver is without conflict. It may be conceded that the evidence with relation to the length of time appellant's car was stopped or remained at rest is conflicting, but no evidence appears in the record to the effect that appellant did not look or that appellant did not assure himself

there was no occupant or driver in the Murphey car. Appellant testified that he stopped "approximately between a half and one minute, and maybe a little bit more," and the witness Bergeson also testified that appellant stopped "I should judge perhaps a half or three quarters of a minute and then he drove on." "I thought it was probably longer than" half a minute "but I might be mistaken." The court in effect instructed the jury that as long as appellant stopped his car, the length of time he remained at rest was immaterial as long as appellant had assured himself that the other car had no occupant or driver to whom he should make known his own identity, license number, etc. It would appear unnecessary to consider the correctness of the court's instruction. It was the law as announced by the court and upon which the jury were required to pass. The evidence being to the entire effect that appellant did stop long enough to assure himself that there was no driver or occupant in the car to whom he should make known his identity, license number, etc., there is no competent evidence to sustain the verdict, or the judgment.

The judgment is reversed.

Holden, C. J., and Morgan and Ailshie, JJ., concur.

Givens, J., dissents.